IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UN U IM,

    Plaintiff,

v.

HOME DEPOT U.S.A., INC.,

    Defendant.

Case No. 17-cv-01092-MMC

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT; VACATING HEARING**

Before the Court is plaintiff Un U Im's motion, filed October 6, 2017, for "Leave to File Amended Complaint," by which motion plaintiff seeks leave to add South/Win, Ltd. ("South/Win") as a defendant to the above-titled action. Defendant Home Depot U.S.A., Inc. ("Home Depot") has filed a statement of non-opposition. Having read and considered the papers filed in support of and in response to the motion, the Court deems the matter suitable for decision on the parties' respective written submissions, VACATES the hearing scheduled for November 17, 2017, and rules as follows.

In her complaint, plaintiff alleges she was shopping in a Home Depot store located in Hercules, California, and "suffered injuries when a pallet of goods fell into the aisle." (See Compl. at 4.) In the instant motion, plaintiff asserts South/Win "is the manufacturer of the bottles of automotive window washing liquid which may have contributed to the products falling off the shelf in the incident which led to this action." (See Pl.'s Mot. at 2:8-10.) For the reasons set forth below, the Court will deny the motion without prejudice.

First, under the Local Rules of this District, a party seeking leave to file an amended complaint "must reproduce the entire proposed pleading and may not incorporate any part of a prior pleading by reference." See Civil L.R. 10-1. Here, plaintiff,

in support of the instant motion, has filed a proposed "Amendment of Complaint," comprising, in its entirety, a single-page document that states the "true name" of "Doe 1" is South/Win. (See Pl.'s Mot. Ex. A.)[1] Moreover, plaintiff previously "dismissed" all "DOE parties" (see Joint Case Management Statement, filed May 26, 2017, at 2:13), and, in any event, the proposed amendment is insufficient under the Local Rules of this District, as, at best, it improperly incorporates by reference the allegations made against "Doe 1" in the initial complaint, which allegations consist of no more than "mere conclusory statements,"[2] see Ashcroft v. Iqbal, 556 U.S. 662, 678, 680-81 (2009) (holding "conclusory" allegations "do not suffice" to state claim and are "not entitled to be assumed true").

Second, the Court, in its Pretrial Preparation Order filed June 2, 2017, set a deadline of July 14, 2017, to amend the pleadings. Plaintiff's motion does not address that deadline and, consequently, plaintiff has failed to show good cause exists to extend it. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (holding party seeking to extend deadline in pretrial order must show "good cause" exists to modify pretrial schedule; noting "court's evaluation of good cause is not coextensive with an inquiry into the propriety of the amendment"); see also U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff, 768 F.2d 1099, 1104 (9th Cir. 1985) (affirming order denying as untimely motion filed after deadline set in pretrial order, where movant failed to "request[ ] a modification of the pretrial order to allow the filing of their motion").

Lastly, as plaintiff acknowledges in her motion, the non-expert discovery cutoff is December 22, 2017. Although plaintiff states she is "agreeable to extending" said

---

[1] The document appears to be a state court form modified to substitute the district court for the state court.

[2] In the complaint, plaintiff alleges "Does 1-50 . . . owned, operated, maintained, repaired, modified, created and controlled the subject property/premises" and were "negligent and careless in and about the creation, maintenance and control of the subject property/premises." (See Compl. at 5; see also Compl. at 4 (alleging "Does 1-50 were in control of the subject property/premises").)

deadline in order to afford South/Win an opportunity to conduct discovery (see Pl.'s Mot. at 4:2-3), plaintiff has neither specified a length for such extension nor addressed other deadlines and dates set in the Preparation Pretrial Order that may, in turn, need to be extended if a new defendant were to be added to the case.

Accordingly, plaintiff's motion is hereby DENIED, without prejudice to plaintiff's renewing the motion, accompanied by a different proposed amended complaint, a showing of good cause to extend the deadline to amend the pleadings, and a proposal to extend to a specific date the non-expert discovery cutoff and any other deadlines and dates that would be affected by an extension of the non-expert discovery cutoff.

**IT IS SO ORDERED.**

Dated: October 30, 2017

MAXINE M. CHESNEY
United States District Judge