IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UN U IM,<br><br>    Plaintiff,<br><br>    v.<br><br>HOME DEPOT U.S.A., INC.,<br><br>    Defendant. | Case No. 17-cv-01092-MMC<br><br>**ORDER DENYING PLAINTIFF'S REQUEST TO MODIFY PRETRIAL SCHEDULING ORDER AND MOTION FOR LEAVE TO AMEND; VACATING HEARING** |

    Before the Court is plaintiff Un U Im's "Request for Modification of the Pretrial Scheduling Order [and] Motion for Leave to File Amended Complaint," filed November 24, 2017. Defendant Home Depot U.S.A., Inc. ("Home Depot") has filed opposition, to which plaintiff has replied. Having read and considered the papers filed in support of and in opposition to plaintiff's request and motion, the Court deems the matters suitable for determination on the parties' respective written submissions, VACATES the hearing scheduled for December 29, 2017, and rules as follows.

**BACKGROUND**

    In the initial complaint, filed November 3, 2016, in state court, plaintiff alleges that, on October 10, 2015, while she was shopping at a Home Depot store in Hercules, California, she "suffered injuries when a pallet of goods fell into the aisle." (See Compl. at 4.) Although the initial complaint named as defendants Home Depot and "Does 1 to 50" (see Compl. at 1), plaintiff, on May 26, 2017, after the above-titled action had been removed to district court, "dismissed" all "DOE parties" (see Joint Case Management Statement, filed May 26, 2017, at 2:13), thus leaving Home Depot as the sole defendant.

Thereafter, on October 6, 2017, plaintiff filed a motion for leave to file an amended complaint, by which plaintiff sought to amend her complaint to add as a defendant South/Win, Ltd. ("South/Win"), which entity, according to the motion, is "the manufacturer of the bottles of automotive window washing liquid which may have contributed to the products falling off the shelf in the incident which led to this action." (See Pl.'s Mot., filed October 6, 2017, at 2:7-9.) By order filed October 30, 2017, the Court denied the motion without prejudice, for the reasons that plaintiff had (1) failed to submit a proposed amended complaint, in violation of the Civil Local Rules of this District, (2) failed to address, let alone show good cause to extend, the July 14, 2017, deadline to amend the pleadings, a date set forth in the June 2, 2017, Pretrial Preparation Order, and (3) failed to propose revised discovery and other deadlines that would need to be extended in light of the addition of a new defendant.

By the instant request and motion, plaintiff again seeks leave to add South/Win as a defendant, which motion, unlike her prior submission, is supported by a proposed pleading, specifically, a proposed First Amended Complaint for Damages ("Proposed FAC"). In the Proposed FAC, plaintiff realleges her existing claim against Home Depot, specifically, that Home Depot was "negligent in and about the ownership, operation, maintenance, creation, control, repair, establishment and use of the subject property/premises . . . so as to cause the subject injuries herein described." (See Compl. at 5; Proposed FAC ¶ 8; see also Proposed FAC ¶ 18.) With respect to South/Win, plaintiff asserts a negligence claim based on the following allegations: (1) "there was a product which was leaking and which was ultimately crushed, which led to the products and pallets falling off the shelving of the aisles at the scene of the incident" (see Proposed FAC ¶ 11); (2) "this product which was leaking was manufactured, sold and/or distributed by [d]efendant South/Win" (see Proposed FAC ¶ 12); (3) "South/Win owed a duty of care to plaintiff to manufacture, sell and/or distribute a product which would not leak when placed on a pallet" (see Proposed FAC ¶ 13); (4) "South/Win breached this duty of care when the product in question leaked and ultimately was crushed by products

2

1 above it which led to the tumbling and falling of goods off the shelving at the scene of the
2 incident" (see Proposed FAC ¶ 14); and (5) "South/ Win's breach of the duty of care
3 owed to plaintiff proximately caused plaintiff's injuries and damages" (see Proposed FAC
4 ¶ 15).

**DISCUSSION**

By the instant request and motion, plaintiff asks the Court to modify the Pretrial Preparation Order to extend the deadline to amend the pleadings, to allow plaintiff to file the Proposed FAC, and to extend discovery and other deadlines set forth in the Pretrial Preparation Order to accommodate the proposed new defendant. In its opposition, Home Depot argues that good cause does not exist to modify the Pretrial Preparation Order and, in any event, that the proposed amendment is futile.

As noted, the Court previously set a deadline of July 14, 2017, to amend the pleadings. Where a party seeks an order extending a deadline in a scheduling order, the party must show the existing schedule could not "reasonably [have been] met despite the diligence of the party seeking the extension." See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (internal quotation and citation omitted).

Here, plaintiff argues she was diligent in seeking the proposed amendment because, beginning in January 2017, she sought discovery from Home Depot. Plaintiff has not identified, however, what discovery she sought. Moreover, Home Depot, in its initial disclosures, which it served upon plaintiff on June 1, 2017, i.e., approximately a month and a half before the deadline to amend, stated South/Win had "provided the pallet containing the product that allegedly fell from the shelf." (See O'Carroll Decl. Ex. A at 2:9:10.) Additionally, on July 14, 2017, the deadline to amend the pleadings, Home Depot filed a third-party complaint, in which, after noting plaintiff's assertion that she had been injured "as a result of windshield fluid falling down from a shelf at the Home Depot Store," Home Depot alleged that the "windshield fluid at issue was manufactured by and/or distributed to [Home Depot] by [South/Win]," and that South/Win "bears some or all responsibility and/or liability for [p]laintiff's damages by virtue of how [South/Win]

3

packaged the product for sale through Home Depot." (See Third-Party Compl. ¶¶ 8-9, 11.) Thus, even assuming, arguendo, Home Depot's initial disclosure of South/Win was insufficient to put plaintiff on notice that South/Win was a potential defendant, the allegations in Home Depot's third-party complaint plainly gave plaintiff such notice. Following the filing of the third-party complaint, however, plaintiff nonetheless waited almost three months to seek leave to add South/Win as a defendant, and without offering any explanation for that period of delay.[1] Further, after plaintiff's initial motion to amend was denied, plaintiff waited more than three weeks to file a second motion to amend, and, again, has offered no explanation, either for the initial three-month or the additional three-week period of delay. Under such circumstances, the Court finds plaintiff has not been diligent in seeking leave to amend, and thus has not shown sufficient cause to amend the Pretrial Preparation Order to extend the deadline to amend. See Johnson, 975 F.2d at 609.

Moreover, as plaintiff acknowledges, the addition of a new defendant would require substantial modification of the existing pretrial schedule, and, although the instant motion, unlike the initial motion to amend, includes a proposed revised schedule, plaintiff has failed to show the proposal is workable. In particular, plaintiff proposes that, in order to afford South/Win sufficient time to engage in discovery, the deadline to complete expert discovery should be extended to October 12, 2018. Setting such a deadline, however, would effectively preclude any party from filing a meaningful dispositive motion, as, even assuming a party could file such a motion within a week after the completion of discovery, i.e., by October 19, 2018, the motion could not be heard until November 23, 2018,[2] only one week before the trial is scheduled to commence and ten days after the

---

[1] Because the filing was electronic, plaintiff was served with the third-party complaint on the date it was filed.

[2] Indeed, November 23, 2018, the day after Thanksgiving, is effectively unavailable, as it is an "administrative leave day" for the Clerk's Office, and thus, as a practical matter, the hearing date would be November 30, 2018, one court day before the trial.

4

pretrial conference.[3] Consequently, for this additional reason, good cause to amend the Pretrial Preparation Order has not been shown.

Lastly, even if plaintiff had made a sufficient showing as to diligence, the filing of plaintiff's proposed negligence claim against South/Win would be futile, as that claim would be barred by the applicable two-year statute of limitations. See Cal. Code Civ. Proc. § 335.1 (providing "action for . . . injury to . . . an individual caused by the wrongful act or neglect of another" must be filed "within two years"). In particular, as the incident occurred on October 10, 2015, the claim against South/Win is barred unless the Proposed FAC can be deemed, either by relation back or otherwise, to have been filed on or before October 10, 2017.

As to relation back, although plaintiff's initial complaint was filed well within the requisite time frame, plaintiff's Proposed FAC, whether one applies state or federal law, does not, as set forth below, relate back to the filing of her initial complaint. See Butler v. National Community Renaissance of California, 766 F.3d 1191, 1200 (9th Cir. 2014) (holding where state law provides "applicable statute of limitations," courts "defer[ ] to the more permissive law, state or federal, which allows an amendment to relate back").

First, under California law, the "general rule" is that "an amended complaint that adds a new defendant does not relate back to the date of filing the original complaint." See Woo v. Superior Court, 75 Cal. App 4th 169, 176 (1999). Plaintiff has not relied on any exception thereto, and the only exception the Court has identified is "the substitution . . . of a defendant for a fictitious Doe defendant named in the original complaint as to whom a cause of action was stated in the original complaint." See id. Here, as noted above, although the initial complaint included claims against Doe defendants, plaintiff subsequently dismissed those defendants.

---

[3] Plaintiff does not contend expert discovery would have no bearing on a dispositive motion, and nothing in the record would appear to support such a contention, given the nature of the case, which may well entail expert testimony regarding the cause of the pallet's fall, the nature and extent of plaintiff's injuries, and the calculation of damages.

5

Next, under federal law, plaintiff fares no better, as an amended complaint adding a new defendant does not relate back where the plaintiff is "not mistaken as to the proper parties during the limitations period." See Kilkenny v. Arco Marine Inc., 800 F.2d 853, 857-58 (9th Cir. 1986) (holding federal rule providing for relation back of amended pleadings "was never intended to assist a plaintiff who ignores or fails to respond in a reasonable fashion to notice of a potential party"; finding amended complaint adding new defendants did not relate back to initial complaint, where plaintiff, during limitations period, was "informed that [the new defendants] were potential defendants" but failed to amend until after limitations period expired). Here, as discussed above, plaintiff, during the limitations period, was informed that South/Win was a potential defendant.

The "discovery rule," under either state or federal law, likewise does not assist plaintiff. Under state law, although the "discovery rule" can "delay accrual" of a claim where the plaintiff does not "suspect that a type of wrongdoing has injured [her]," the "failure to discover, or have reason to discover, the identity of the defendant does not postpone the accrual of a cause of action" as "the identity of the defendant is not an element of a cause of action." See Fox v. Ethicon Endo-Surgery, Inc., 35 Cal. 4th 797, 807 (2005). Similarly, under federal law, a claim "accrues when the claimant has a reasonable opportunity to discover the violation, not when she discovers the true identity of the violator or all of the violators." See Andes v. Knox, 905 F.2d 188, 189 (8th Cir. 1990).

In apparent recognition of the above-cited authority, plaintiff argues the Proposed FAC should be deemed to have been filed on October 6, 2017, the date on which she filed her prior motion to amend. Although, to date, the Ninth Circuit has not addressed the issue, other circuits have found that where a plaintiff, prior to the expiration of the limitations period, has filed a motion for leave to amend, and the motion is granted after the expiration of the limitations period, "the amended complaint is deemed filed within the limitations period." See, e.g., Mayes v. AT&T Information Systems, Inc., 867 F.2d 1172, 1173 (8th Cir. 1989) (collecting cases). To be entitled to such a finding, however, the

6

motion must constitute a "proper request for leave to amend," including compliance with applicable court rules requiring the motion be accompanied by "a copy of the proposed amended complaint." See Moore v. Indiana, 999 F.2d 1125, 1131 (7th Cir. 1993) (holding statute of limitations barred claims against new defendants, where plaintiff's initial motion to amend was unaccompanied by proposed amended complaint and plaintiff did not supplement motion with proposed amended complaint until after limitations period expired); In Re Glacier Bay, 746 F. Supp. 1379, 1389 (D. Alaska 1990) (finding amended complaint, although filed after expiration of limitations period, was timely where plaintiff filed, before limitations period expired, motion to amend accompanied by proposed amended complaint).

Here, plaintiff's prior motion to amend, which was denied because plaintiff failed to file, inter alia, a proposed amended complaint as required by the Civil Local Rules of this District, see Civil L.R. 10-1, was not a "proper request for leave to amend," see Moore, 999 F.2d at 1131, and the instant motion, as noted, was not filed until after the expiration of the limitations period. Consequently, the Proposed FAC cannot be deemed to have been filed within the limitations period.

In sum, plaintiff's request and motion will be denied for three separate reasons, any one of which would suffice to warrant denial, as plaintiff has failed to show good cause exists to modify the Pretrial Preparation Order, failed to submit a feasible pretrial schedule in the event South/Win were to be joined as a new party, and proposed a claim against South/Win that would be futile.

**CONCLUSION**

For the reasons stated above, plaintiff's request to modify the Pretrial Preparation Order and motion for leave to file an amended complaint is hereby DENIED.

**IT IS SO ORDERED.**

Dated: December 22, 2017

MAXINE M. CHESNEY
United States District Judge

7